IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>) No. 3:06-CR-134<br>) (VARLAN/SHIRLEY)<br>V. )<br>)<br>JONATHAN MICHAEL ALEXANDER, )<br>)<br>Defendant. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on October 20, 2006 for an initial appearance and arraignment on a one count Indictment [Doc. 1], filed on October 3, 2006. Assistant United States Attorney Tracy Plowell was present representing the government. Attorney Jonathan Moffatt was present representing Defendant Alexander, who was also present.

At the hearing, defense counsel made an oral motion, pursuant to 18 U.S.C. § 3142(f)(2), to continue the impending initial appearance and detention hearing for ten to fourteen days so that defense counsel can review Defendant's medical records and so that Defendant might receive a medical examination. The government indicated that it does not oppose Defendant's motion. The Court finds that Defendant has shown good cause in requesting the continuance, that Defendant's oral motion for a continuance is well taken, and that the ends of justice served by

1

granting the motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the failure to grant a continuance would prevent defense counsel from properly evaluating the mental condition of Defendant, resulting in a miscarriage of justice. 18 U.S.C. § 3161(h)(1)(A), -(8)(B)(I). Accordingly, the Court **GRANTS** Defendant's oral motion to continue the initial appearance and detention hearing.

In light of these findings and its granting of the Defendant's oral motion to continue, the Court set a new initial appearance and detention hearing date of **November 3, 2006**. The Court also finds, and the parties agreed, that all the time between the original October 13, 2006 hearing and the new hearing date of November 3, 2006, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(A), -(h)(8)(A)-(B).

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge