UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | No. 3:06-CR-134 |
| V. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| | ) | |
| | ) | |
| JONATHAN MICHAEL ALEXANDER | ) | |

ORDER OF DETENTION PENDING TRIAL

An arraignment and detention hearing were held in this case on November 3, 2006. Tracy Stone, Assistant United States Attorney, was present representing the government, and Jonathan Moffatt, Assistant Federal Defender, was present representing the defendant. Counsel for the defendant stated that he felt the defendant was competent to assist him with his case at this time and that he understood the nature and consequences of the proceedings. The government stated that he felt that there have been mental issues in the past but that he would rely on Mr. Moffatt's position as stated in Court. Based on its observation of Mr. Alexander, the Court agrees with Mr. Moffatt's evaluation. Accordingly, the Court proceeds with the arraignment today and advised counsel if there are mental issues that arise or are discovered later they will be addressed at that time. Counsel also stated that the defendant wished to waive his right to a detention hearing at this time because he came to Federal Court from Grainger County where he was in pretrial detention, and where he has outstanding state charges, and reserve the right to have a hearing at a later date, if appropriate. Pursuant to the defendant signing a Waiver of Detention Hearing, the defendant is to be detained. 18 U.S.C. § 3142(f)(2)(B). The government stated they had no objections. The defendant was present and stated that he knew he would remain in jail pending

trial. For good cause, and by agreement of the defendant, this detention hearing is waived and the defendant is detained.

The defendant is aware of his rights to a prompt detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. The defendant knows that if his detention hearing is waived he will remain in custody while it is continued. The defendant acknowledged in open court that he understands his rights and the consequences of waiving his detention hearing.

For good cause shown, the defendant's request not to contest, and to waive the detention hearing is hereby **GRANTED.**

It is therefore **ORDERED** that:

(1) Defendant be detained.;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

ENTER:

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge