IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-134 |
| | ) | (VARLAN/SHIRLEY) |
| JONATHAN MICHAEL ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On December 21, 2006, the parties appeared before the Court for a scheduled motion hearing on Defendant Alexander's motion to determine mental competency [Doc. 17] and Notice of Insanity Defense [Doc. 14], and the government's Motion For Psychiatric Or Psychological Evaluation [Doc. 15]. Assistant United States Attorney Tracy Stone appeared for the government. Attorney Jonathan Moffatt appeared on behalf of Defendant Alexander, who was also present.

In Defendant's motion [Doc. 17], Attorney Moffatt moves, pursuant to 18 U.S.C. § 4241(a), for an order for psychiatric and psychological evaluation on the basis that there is reasonable cause to believe Defendant Alexander may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

1

Attorney Moffatt also filed an affidavit under seal setting forth the detailed basis for this belief and position.

The government, likewise, moves [Doc. 15] the Court for entry of an order directing that a psychiatric or psychological examination of the Defendant be conducted, and that the resulting report be filed with the Court in accordance with 18 U.S.C. § 4247(b) and (c).

After carefully considering Defendant's motion to determine mental competency [Doc. 17] and Notice of Insanity Defense [Doc. 14], and the government's Motion For Psychiatric Or Psychological Evaluation [Doc. 15], as well as the representations made by defense counsel at the December 21 hearing, the Court finds there is reasonable cause to believe that the defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Because of the sanity issue being raised and for reasons of judicial economy, Defendant Alexander will be evaluated for sanity at the same time. Accordingly, the Court finds that Defendant Alexander should undergo a full evaluation pursuant to 18 U.S.C. § 4241 and §4242 and that a psychiatric or psychological report be filed with the Court pursuant to the provisions of § 4247 (b) and (c). Thus, the motions [**Docs. 17 and 15**] are **GRANTED**.

With regard to the January 4, 2007 trial date, the Court finds that the present trial date must be continued and that a realistic trial date cannot be set at this time. The time during which the defendant is undergoing a mental examination is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Additionally, up to ten days of transportation time is excludable under the Act. 18 U.S.C. § 3161(h)(1)(H). Once Defendant returns from his examination, the Court will need

2

to hold a competency hearing, the time for which will also be excludable. See 18 U.S.C. § 3161(h)(1)(F). If the defendant is found competent, the parties will need time to prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the Court finds that the ends of justice served by the continuance for an evaluation outweigh the best interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). A new trial date will not be set at this time. A status conference and/or competency hearing is set for **April 16, 2007 at 9:30 a.m.**

It is therefore **ORDERED:**

1. Defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care Defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practical with copies to counsel for the government and the defendant, said report to include:

    a. Defendant's history and present symptoms;

    b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. the examiner's findings; and

    d. the examiner's opinions as to diagnosis, prognosis, and

        (1) whether Defendant is suffering from a mental disease or

      defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    (2)  whether Defendant suffered from such mental disease or defect which rendered him insane at the time of t he offense charged.

  3.  That a status hearing or hearing on the question of Defendant's competency to stand trial is presently set for **April 16, 2007 at 9:30 a.m.**, pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

  4.  That Defendant be evaluated as to the proper prescription medication regimen for Defendant and given any necessary medications if determined appropriate to do so by the medical staff at the facility;

  5.  That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on Defendant in the instant case; and

  6.  That the psychiatrist/psychologist have access to all available medical records on Defendant.

  7.  The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

  (a)  Government's counsel: Tracy L. Stone
      P.O. Box 872, Knoxville, TN 37902
      (865) 545-4167

  (b)  Defense counsel: Jonathan Moffatt
      Federal Defender Services of Eastern Tennessee, Inc.
      Knoxville, TN 37902
      (865) 637-7979

  (c)  Pretrial Services Officer: Twilla Tucker

800 Market Street, Suite 120, Knoxville, TN 37902
(865) 545-4017

8. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

9. The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing/status conference has been scheduled for **April 16, 2007 at 9:30 a.m.**

10. The trial will be reset at the status conference/competency hearing.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge