UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-134 |
| | ) | (VARLAN/SHIRLEY) |
| JONATHAN MICHAEL ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter came before the undersigned for a competency hearing on May 2, 2007. Assistant United States Attorney Tracy Stone was present representing the government. Federal Defender Jonathan Moffatt appeared on behalf of Defendant Alexander, who was also present. The defendant had been committed to a federal medical facility for evaluation and testing per Court Order [Doc. 19]. The parties stipulated in open court to the recent eighteen (18) page forensic evaluation and cover letter from the Metropolitan Correctional Center, New York, New York, dated April 12, 2007, in so far as it relates to competency. [Sealed Doc. 22]. Neither the government nor the defendant sought to offer any other evidence for the Court to consider on the issues of competency and insanity and both parties relied on the April 12, 2007, report.

1

Pursuant to 18 United States Code Section 4241, it therefore appears from the report, and I so find by a preponderance of the evidence, that Mr. Alexander is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case. It also appears from the report, but no finding is made by the undersigned, pursuant to 18 United States Code Section 4242, that Mr. Alexander was not insane at the time of the offense charged and that he was able to appreciate the nature and quality or the wrongfulness of his actions at the time of the offense. Thus, the Court finds that the defendant is competent to proceed.

Next, the Court set a new trial date of **June 6, 2007, at 9:00 a.m.**, before District Court Judge Thomas A. Varlan, now that the defendant is back from his mental evaluation and is competent to stand trial. Initially, the Court notes that all the time from the Government's Motion for Psychiatric Exam [Doc. 15], filed on December 5, 2006, and Defendant's Motion [Sealed Doc. 17], filed on the same date, through the Court's competency hearing date of May 2, 2007, has heretofore been found to be fully excludable under the Speedy Trial Act.[1] [Doc. 19]. The Court further notes that all time during which the defendant was undergoing a mental evaluation pursuant to Court Order [Doc. 19] is likewise excludable, pursuant to 18 United States Code Section 3161(h)(1)(A), as is all delay resulting from the transportation of the defendant to and from places of examination or hospitalization, per 18 United States Code Section 3161(h)(1)(H).

---

[1]The time for commitment for mental examination and evaluation was extended on March 29, 2007 to April 13, 2007 pursuant to a request of the Warden of the Metropolitan Correctional Center. [Doc. 21]. This time is also excludable for Speedy Trial Act purposes pursuant to 18 United States Code Section 3161 (h)(1)(A).

Accordingly, it is **ORDERED**:

(1) The defendant is **FOUND** competent to stand trial;

(2) All time between **December 5, 2006,** and **May 2, 2007**, is fully excludable time under the Speedy Trial Act for the reasons stated herein; and

(3) The trial of this matter is reset to commence on **June 6, 2007, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge